IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **JANICE HAMPTON,** | ) |
| | ) |
| | ) |
| Plaintiff, | )   No.:   1:18-cv-01191-STA-jay |
| | ) |
| v. | ) |
| | ) |
| **MADISON COUNTY JUVENILE** | ) |
| **COURT SERVICES,** | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

REPORT AND RECOMMENDATION

On October 1, 2018, *pro se* Plaintiff Janice Hampton filed this Complaint against Madison County Juvenile Services and a motion to proceed *in forma pauperis* (D.E. 1-2). In an order issued on October 3, 2018, the Court granted Plaintiff leave to proceed *in forma pauperis* (D.E. 5). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05).

Plaintiff filed this Complaint pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 for termination of her employment, failure to accommodate her disability, and retaliation. Further, Plaintiff alleges that she was harassed, bullied, and sabotaged from 2012 to

1

when she was terminated on April 4, 2018. In Plaintiff's Complaint she states:

> On 2-4-16, I filed a discrimination against the company (490-2016-00878) due to my disability. I never received a "right to suit" in the mail, so I thought/assumed I had no case. On March 27, 2017 the charge was dismissed without my knowing this. I was still being harassed even until the time I was wrongfully terminated. They did not give me the right to appeal as the County Government does not have a grievance/appeal process. My termination was an act of retaliation. It's been difficult for me to obtain employment in this County. They did not consider moving me to another department.

Plaintiff also attached her EEOC Charge of Discrimination where she checked the boxes of discrimination based on retaliation, age, and disability. In her charge, Plaintiff adds the additional details that she required surgery "due to my disability and the doctors have not closed my case." Moreover, she "was terminated for allegations of threatening a fellow employee… while on medical leave form [sic] the doctor." Lastly, she claims that she was "discriminated against and in retaliation for filing a previous charge of discrimination…."

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Hill*, 630 F.3d at 470-71 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678 (2009)); *see also* Fed. R. Civ. P. 12(b)(6). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for

3

her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

As an initial matter, Plaintiff checked the boxes of age, disability, and retaliation. In her narrative, Plaintiff clearly mentions retaliation and a disability, including the ADA. She does not clarify her age in the narrative, even though the age box for discrimination is marked. However, in a letter from the EEOC, affirming receipt of the charge, and using the same charge number, the EEOC indicates that the charge is subject to ADEA, and does not mention the ADA or Title VII. Here, in Plaintiff's Complaint, she marked the box for ADEA and ADA, while later in the complaint checking the box for retaliation. Further, when the Complaint questions what the Defendant discriminated against Plaintiff based on, Plaintiff marks her age only. In her Complaint narrative, she mentions her disability and retaliation. Title VII requires that a plaintiff exhaust his administrative remedies prior to bringing suit in federal court by filing a charge of discrimination with the EEOC within 300 hundred days of the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(e)(1); *see also Randolph v. Ohio Dep't of Youth Servs.,* 453 F.3d 724, 731 (6th Cir.2006). Additionally, pursuant to Title VII a civil action must be brought within ninety days after the EEOC issues a notice of right to sue. 42 U.S.C. § 2000e–5 (f)(1). Unless a plaintiff clearly filed the claim in an EEOC charge or the claim "can reasonably be expected to grow out of the EEOC's investigation of the charge," federal courts do not have subject matter jurisdiction to hear a Title VII claim. *Seay v. Tennessee Valley Auth.*, 340 F. Supp. 2d 844, 848 (E.D. Tenn. 2004). The charge is sufficient if it contains "'a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir.1998)(quoting 29 C.F.R. § 1601.12(b)). Where a Title VII claimant is not represented by an attorney in drafting the charge, a

broader reading of the charge is required. *Tisdale v. Federal Express Corp.*, 415 F.3d 516, 527 (6th Cir.2005); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 832 (6th Cir.1999). Based upon Plaintiff's clear notations in the EEOC charge and the *pro se* status of Plaintiff, the Magistrate Judge believes a broad reading of the charge dictates that Plaintiff's administrative remedies through the EEOC have been exhausted.

Nevertheless, Plaintiff has not provided facts upon which the Court could rely to grant relief. Plaintiff must allege "sufficient factual matter… to state a claim." *Hill*, 630 F.3d at 470-71 (quotations omitted). Plaintiff's Complaint is mostly bare regarding facts that concern her age, disability, or retaliation. Rather than dismissing this claim, the Magistrate Judge recommends that the Court order Plaintiff to amend her Complaint to include a factual description of the events that serve as the basis for her age, disability, a retaliation claim against Defendant.

## CONCLUSION

For all these reasons, the Magistrate Judge recommends that this Court direct Plaintiff to file an amended Complaint within thirty (30) days as to Defendants. Upon the filing of this amended Complaint, the Magistrate Judge will screen the amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Respectfully Submitted this 1st day of April, 2019.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**