IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JANICE HAMPTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-01191-STA-atc |
| ) | |
| MADISON COUNTY, ) | |
| TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION FOR DISMISSAL
FOR FAILURE TO PROSECUTE**

Before the Court is Defendant Madison County, Tennessee's Motion to Compel Discovery (ECF No. 56) ("Motion to Compel"), filed April 27, 2020.[1] Plaintiff Janice Hampton failed to respond to the Motion or to provide Defendant with any discovery responses. Additionally, Plaintiff has failed to respond to this Court's Order to Show Cause (ECF No. 74) ("Show Cause Order"), entered on October 23, 2020. For the reasons set forth below, this Court recommends that Plaintiff's claims against Defendant be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**I.    PROPOSED FINDINGS OF FACT**

In its Motion to Compel, Defendant states that it propounded its First Set of Interrogatories and Requests for Production of Documents ("Discovery Requests") on Plaintiff

---

[1] This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

on December 2, 2019, and that Plaintiff has failed to provide any responses to the Discovery Requests. Counsel for Defendant attempted to resolve the issue with Plaintiff by letters dated February 7 and March 20, 2020. Despite service of the Discovery Requests, the two follow-up letters, and the Motion to Compel, Plaintiff has failed to provide any information or documentation in response to the Discovery Requests.

On October 23, 2020, this Court entered its Show Cause Order, directing Plaintiff to respond to the Motion to Compel by November 6, 2020. In the Order, the Court noted that Plaintiff was served with the Motion on April 27, 2020, and that Plaintiff has failed to respond to the Motion. Accordingly, Plaintiff was ordered to show cause, on or before November 6, 2020, as to why this case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and why the Motion to Compel should not be granted. Plaintiff was warned that failure to respond to the Show Cause Order may result in her case being dismissed for failure to prosecute. Plaintiff has failed to respond to the Order.

## II.    PROPOSED CONCLUSIONS OF LAW

### A.    Plaintiff's Failure to Respond to the Discovery Requests, the Motion to Compel, and the Show Cause Order

The Federal Rules of Civil Procedure require a party to respond to interrogatories within thirty days of service, unless a shorter or longer time is ordered by the court or agreed to by stipulation. *See* Fed. R. Civ. P. 33(b)(2). The rule governing requests for production of documents mirrors the rule concerning interrogatories. *See* Fed. R. Civ. P. 34(b)(2)(A). The rules allow the party seeking discovery to file a motion to compel when the other party fails to respond to its discovery requests. *See* Fed. R. Civ. P. 37(a)(3)(B). "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural

2

requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Therefore, "[p]ro se litigants, like any other litigants, must comply with the Federal Rules of Civil Procedure." *Blackmond v. UT Med. Grp., Inc.*, No. 02-cv-2890-SHM-dkv, 2003 WL 22385678, at *1 (W.D. Tenn. Sept. 17, 2003) (citation omitted). Because Plaintiff has failed to respond to the Discovery Requests, the Motion to Compel, and the Show Cause Order, this Court recommends that Plaintiff's claims against Defendant be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      B.      **Rule 41(b) Dismissal for Failure to Prosecute**

Rule 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute and/or to comply with the Federal Rules of Civil Procedure or a court order. Rule 41(b) "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). In determining whether to dismiss an action under Rule 41(b), courts consider four factors, none of which are dispositive standing alone:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* at 569–70 (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008)). Dismissal under Rule 41(b) is warranted when there is a "clear record of delay or contumacious conduct by the plaintiff" and when the plaintiff "is inexcusably unprepared to prosecute the case." *Id.* at 570 (citations and internal quotation marks omitted). For the reasons

3

below, dismissal of Plaintiff's claims against Defendant is the only appropriate sanction in this case.

With respect to the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737); *see also Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 31–32 (6th Cir. 2012) (holding that bad faith exists when a party delays or disrupts the litigation or hampers the enforcement of a court order) (citing *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)). Here, Plaintiff has failed to respond to the Discovery Requests (served on December 2, 2019), the Motion to Compel (served on April 27, 2020), and the Show Cause Order (entered on October 23, 2020). Plaintiff's failure to cooperate in discovery and to comply with this Court's Order more than satisfies the first factor, which favors dismissal of Plaintiff's claims.

Regarding the second factor, "[a] defendant is 'prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Wright v. City of Germantown, Tenn.*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (quoting *Shavers*, 516 F. App'x at 570). Defendant has been clearly prejudiced because it has been unable to move forward in its trial preparation without Plaintiff's responses to the Discovery Requests, the Motion to Compel, and/or the Show Cause Order. The record shows that Defendant has attempted to complete discovery within the timeframe and parameters set forth by the Court, while Plaintiff has refused to cooperate, which led to Defendant's Motion to Compel and its multiple Motions to Amend the Scheduling Order. (*See, e.g.*, ECF Nos. 61, 65, 68, & 75.) Accordingly, Defendant has been prejudiced by Plaintiff's conduct, which supports dismissal of Plaintiff's claims.

4

With respect to the third factor, prior notice, or the lack thereof, is a key consideration in determining whether dismissal under Rule 41(b) is warranted. *Schafer*, 529 F.3d at 737 (citing *Stough v. Mayville Cmty. Schs*, 138 F.3d 612, 615 (6th Cir. 1998)). This Court expressly warned Plaintiff in the Show Cause Order that failure to respond could lead to dismissal of her claims for failure to prosecute under Rule 41(b). The deadline to respond to the Order was November 6, 2020, and Plaintiff failed to respond. As a result, the third factor favors dismissal of Plaintiff's claims.

The fourth factor does not require the Court "to incant a litany of the available lesser sanctions" before dismissing a case for failure to prosecute. *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Rather, when the plaintiff's refusal to participate in discovery and to comply with court orders is contumacious, dismissal "as the first and only sanction" is clearly within the court's power. *Harmon*, 110 F. 3d at 368. Based on Plaintiff's refusal to respond to the Discovery Requests—which were served nearly one year ago—and failure to respond to the Motion to Compel and the Show Cause Order, this Court recommends dismissal, rather than a lesser sanction, because it is clear that Plaintiff has no intention of cooperating in the pretrial process or prosecuting this case. Furthermore, when a plaintiff is indigent and proceeds *in forma pauperis*, as is the case here, "it is likely that a financial sanction would have had no practical deterrent effect." *Shavers*, 516 F. App'x at 571. For these reasons, the fourth factor supports dismissal of Plaintiff's claims.

## III.     RECOMMENDATION

For the foregoing reasons, this Court recommends that Plaintiff's claims against Defendant be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Respectfully submitted this 30th day of November, 2020.

                                       s/Annie T. Christoff
                                       ANNIE T. CHRISTOFF
                                       UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.