IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

JANICE HAMPTON,                          )
                                         )
            Plaintiff,                   )
v.                                       )            No. 18-1191-STA-atc
                                         )
MADISON COUNTY, TENNESSEE,               )
                                         )
            Defendant.                   )

---

## ORDER SUSTAINING OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Before the Court is the United States Magistrate Judge' report and recommendation that the Court dismiss this case for Plaintiff Janice Hampton's failure to prosecute her claims. The Magistrate Judge issued her report on November 30, 2020. Plaintiff filed objections to the report on December 17, 2020, and Defendant Madison County, Tennessee has responded to those objections. For the reasons set forth below, the Court declines to adopt the Magistrate Judge's recommendation for dismissal.

## BACKGROUND

Plaintiff, who is acting *pro se*, filed her initial Complaint October 1, 2018, alleging claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Americans with Disabilities Act. Plaintiff named Madison County Juvenile Court Services ("Juvenile Court Services") as the defendant in her opening pleading. The case was assigned to a United States Magistrate Judge for the management of all pretrial matters, including screening of the pleadings to determine whether the Clerk of Court should issue summons pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2). As part of the

screening process, the assigned Magistrate Judge concluded that the Complaint failed to contain enough factual matter to support Plaintiff's discrimination claims but recommended that in lieu of dismissing the Complaint, the Court grant Plaintiff thirty (30) days in which to file an amended complaint to include a factual description of the events that served as the basis for her age, disability, and retaliation claims.   The Court adopted that recommendation, without objection from Plaintiff, and gave her 30 days to file an amended pleading.  *See* Order Adopting Rep. & Recommendation Apr. 19, 2019 (ECF no. 9).  Plaintiff complied with the order and filed her Amended Complaint (ECF No. 12) on May 12, 2019.  On May 21, 2019, the Magistrate Judge assigned to the case entered an order reassigning the matter to the then-Chief Magistrate Judge as part of a case exchange.  Based on the allegations of the Amended Complaint, the Chief Magistrate Judge ordered the Clerk to issue and effect service of process on Juvenile Court Services.

Juvenile Court Services responded to the Amended Complaint by filing a motion to dismiss (ECF No. 24) it as an improper party to the action.  For her part and in response to Juvenile Court Services' motion to dismiss, Plaintiff filed a motion to amend (ECF no. 25) her pleading to dismiss Juvenile Court Services and substitute Madison County government as the correct governmental entity.   The Chief Magistrate Judge granted Plaintiff's request and subsequently entered an order directing the Clerk to substitute Madison County as the correct party on March 4, 2020.  Having finally been brought before the Court as the real party in interest, Defendant Madison County then filed a motion for partial dismissal on March 16, 2020, seeking the dismissal of Hampton's Title VII claims for failure to exhaust administrative remedies and the dismissal of other claims first raised in a 2016 EEOC charge as untimely. The Chief Magistrate Judge recommended that the Court grant the motion, and the Court adopted that

recommendation when Plaintiff failed to make any objections.  The Court therefore dismissed Plaintiff's Title VII claims of race and sex discrimination for failure to exhaust administrative remedies and dismissed her claims that she was denied access to a "company physician" in November or December of 2015 and that Madison County failed to provide accommodations for her carpal tunnel between November 2015 to April 2016 as untimely.  The Court's May 13, 2020 order on the motion to dismiss finally brought the pleadings phase to a close.

Even though the scope of Plaintiff's claims was not settled and the correct Defendant was not brought before the Court until May 2020, the Chief Magistrate Judge had entered a scheduling order (ECF No. 29) in November 2019.  Defendant served Plaintiff with its first set of interrogatories in December 2019 and subsequently filed a motion to compel discovery (ECF No. 56) on April 27, 2020.  In its motion to compel, Defendant sought a court order compelling Plaintiff to respond to Defendant's interrogatories after Plaintiff had failed to provide her responses and did not answer counsel for Defendant's letters attempting to discuss the discovery. As relief, Defendant requested that the Court order Plaintiff to respond to the discovery within 14 days and that the Court consider sanctions against Plaintiff, including the dismissal of her case, in the event she failed to comply with the Court's order.  To date Plaintiff has not responded to Defendant's motion to compel or shown what steps, if any, she has taken to respond to Defendant's first set of interrogatories.

Upon the retirement of the Chief Magistrate Judge in May 2020, the Magistrate Judge currently assigned to the case assumed responsibility for managing all pretrial matters on August 14, 2020.  On October 23, 2020, the Magistrate Judge ordered Plaintiff to show cause as to why her case should not be dismissed for her failure to prosecute and why the motion to compel should not be granted.  The Magistrate Judge gave Plaintiff 14 days to respond and cautioned

Plaintiff that her failure to respond within that time might result in the Magistrate Judge granting the motion to compel and/or the dismissal of her case.  When Plaintiff did not respond to the show cause order, the Magistrate Judge entered a report and recommendation that the Court dismiss the case for Plaintiff's failure to prosecute.  In response to that recommendation, Plaintiff has filed objections requesting that the Court not dismiss her case.  Plaintiff states that she has attempted to retain counsel to assist her in prosecuting her claims and that due to the ongoing pandemic, she has not been able to locate counsel.  Plaintiff has not directly addressed the motion to compel or explained why she has not responded to Defendant's interrogatories.  In its response to Plaintiff's objections, Defendant argues that the Court should adopt the recommendation and dismiss the case for Plaintiff's failure to prosecute.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  While it speaks of a defendant's right to request dismissal, Rule 41(b) does not abridge a district court's inherent authority to dismiss a plaintiff's case with prejudice for the plaintiff's failure to prosecute it.  *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962).  The Supreme Court has remarked that this inherent authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id*. at 629–30; *see also Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (stating that the inherent authority to dismiss a case "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties").

District courts enjoy substantial discretion in determining whether dismissal is appropriate. *Knoll,* 176 F.3d at 363; *Harmon v. CSX Transp.,* Inc., 110 F.3d 364, 366 (6th Cir. 1997). When considering dismissal for failure to prosecute, a court should weigh the following factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). A district court should not dismiss for failure to prosecute unless there is a "clear record of contumacious conduct by the plaintiff." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

## <u>ANALYSIS</u>

The Court finds much to criticize in Plaintiff's approach to her case. This matter is before the Court solely because of Plaintiff's failure to submit a timely response to Defendant's first set of interrogatories more than a year ago, her failure to respond to Defendant's motion to compel which Defendant filed more than eight months ago, and most recently her failure to respond to the Magistrate Judge's show cause order. Plaintiff only responded after the Magistrate Judge recommended the dismissal of the case and then only to explain her need for counsel and her unsuccessful attempts to locate an attorney. However, Plaintiff has not shown why she did not answer the interrogatories or at least communicate with counsel for Defendant about the discovery requests and never responded to the motion to compel. At the very least, it appears to the Court that Defendant is entitled to an order granting its motion to compel Plaintiff to respond to the discovery.

What is more, Plaintiff has not explained why she made no response to the Magistrate

Judge's show cause order.  Plaintiff now states that she needs counsel to understand how to proceed.  But by the same token, Plaintiff has filed a number of motions on her own, particularly when she needed more time to accomplish what the then-assigned Magistrate Judge had ordered her to do.  If Plaintiff did not understand the importance of the Magistrate Judge's show cause order, she could have requested more time to prepare a response.  She did not do that.  Instead she waited until the Magistrate Judge issued a recommendation to dismiss the case for failure to prosecute before making a response.  While the Court appreciates the fact that Plaintiff is a layperson and not a lawyer, she has an obligation to follow the applicable rules of procedure and rules of court.  This was explained to Plaintiff as far back as July 2019, when the Magistrate Judge directed her to "familiarize herself with the Federal Rules of Civil Procedure and this court's local rules."  Order to Issue and Effect Service of Process, July 22, 2019 (ECF No. 14).  As the Sixth Circuit has repeatedly emphasized, "*pro se* litigants are not exempt from the Federal Rules of Civil Procedure," *Reese v. Ohio Dep't of Rehabilitation and Corr.*, No. 17-3380, 2018 WL 4998188, at *2 (6th Cir. June 21, 2018) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), even where the *pro se* party "may not have fully understood" what the rules required.  *In re Sharwell*, 129 F.3d 1265, 1997 WL 681509, at *1 (6th Cir. Oct. 30, 1997) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991)).

Nevertheless, the Court does not find that involuntary dismissal of Plaintiff's case for a failure to prosecute is warranted at this juncture.  The Court cannot say that there is a "clear record of contumacious conduct by the plaintiff."  *Wu*, 420 F.3d at 643.  Even though Plaintiff has not responded to Defendant's discovery requests or the motion to compel, there are many other indications in the record that she is trying to prosecute her claims.  Prior to the filing of Defendant's motion to compel, the parties filed a series of joint motions to extend certain

deadlines, evidencing an effort to cooperate in preparing the case for trial.  In the months since Defendant filed the motion to compel, Plaintiff participated in mediation in June 2020 and filed in October 2020 what was her fourth motion for appointment of counsel.  There have also been a series of uncontested motions to extend deadlines and allow the parties more time to complete discovery, mostly recently in November 2020.  *See* Def.'s Renewed Mot. to Amend Deadlines, Nov. 3, 2020 (ECF No. 75).  The need to modify the case management deadlines undoubtedly arose in part because of Plaintiff's failure to provide written discovery.  But it is also clear that the reassignment of the case to different judicial officers and the exigency of the COVID-19 pandemic has occasioned some of the delay in the case.  Viewing the proceedings as a whole, this is not a case where Plaintiff by her willfulness or fault has allowed the matter to languish on the Court's docket.

The Court also does not find that Plaintiff had sufficient prior notice that her case could be dismissed as a sanction.  "Prior notice, or the lack thereof, is a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)."  *$506,069.09 Seized From First Merit Bank*, 664 F. App'x at 430.  The Magistrate Judge clearly cautioned Plaintiff that failure to respond to the show cause might result in the dismissal of her case.  The show cause order alternatively cautioned Plaintiff that her failure to respond might simply result in granting Defendant's motion to compel.  On that point Defendant's motion to compel seeks only an order directing Plaintiff to provide responses to the Defendant's written discovery requests, not the dismissal of her case.[1]  The Magistrate Judge did discuss in her recommendation the possibility of monetary sanctions for Plaintiff's failure to cooperate in

---

[1] Although Defendant argued that dismissal might be an appropriate sanction if Plaintiff did not comply with a court order to compel, Defendant did not request the dismissal of Plaintiff's case as a sanction for her failure to respond to the discovery requests.

discovery or to respond to the show cause order and concluded that monetary sanctions were unlikely to work.  The Magistrate Judge's conclusion is likely correct.  Still, Federal Rule of Civil Procedure 37 allows a court to impose any number of non-monetary sanctions for a party's failure to respond to written interrogatories.  *See* Fed. R. Civ. P. 37(d)(c) (permitting a court to consider any of the sanctions listed in Rule 37(b)(2)(A)(i)-(vi)).

Under all of the circumstances, the Court will not dismiss Plaintiff's case for failure to prosecute.  Instead the Court recommits the matter to the Magistrate Judge for consideration of Defendant's motion to compel and what lesser sanctions may be warranted for Plaintiff's failure to respond to the discovery.  Plaintiff is strongly cautioned that her failure to cooperate in discovery, make timely responses to Defendant's motions, or any other failure to comply with court orders may result in the dismissal of her case without further notice.  The Court also takes no position on Plaintiff's request for appointment of counsel, as the Magistrate Judge has thoroughly considered that issue in deciding each of Plaintiff's motions to appointment counsel, and Plaintiffs has not shown why the Court should disturb those rulings.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  January 8, 2021.