IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

| | |
|---|---|
| JANICE HAMPTON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   No. 18-1191-STA-atc |
| | ) |
| MADISON COUNTY, TENNESSEE, | ) |
| | ) |
| Defendant. | ) |

_____

ORDER DENYING MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL
_____

Before the Court is Plaintiff's Janice Hampton's Motion to Appoint Counsel (ECF No. 92) and Motion to Proceed In Forma Pauperis on Appeal (ECF No. 93). Plaintiff, who is acting pro se, filed a Notice of Appeal (ECF No. 91) on June 3, 2021. In her request for counsel, Plaintiff asks the United States Court of Appeals for the Sixth Circuit to appoint an attorney to represent her on appeal. This Courts finds it unnecessary to decide that issue and will defer to the Court of Appeals. Therefore, the Motion is **DENIED** but without prejudice to request appointment of counsel at the Court of Appeals.

In her IFP Motion, she requests permission to proceed without paying the appellate filing fee. Plaintiff has attached a financial affidavit to her Motion, showing her current financial position. Federal Rule of Appellate Procedure 24(a) allows a party to appeal in forma pauperis "without further authorization" if the party "was permitted to proceed in forma pauperis in the district court action." Fed. R. App. P. 24(a)(3). The authorization, once granted in the district court, continues to the appellate circuit, "unless the district court—before or after the notice of

1

appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding." *Id.*

Rule 24(a)'s good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The Court dismissed Plaintiff's case on May 4, 2021, as a discovery sanction under Federal Rule of Civil Procedure 37 and for her failure to prosecute her case under Rule 41(b). Plaintiff's affidavit cites three issues she intends to raise on appeal: (1) the COVID-19 pandemic interfered with Plaintiff's ability to obtain "vital information;" (2) Plaintiff's lack of resources prevented her from "mak[ing] payment to get evidence[s]" or hiring counsel; and (3) some of the Court's rulings contained "incorrect information." Pl.'s Aff. (ECF No. 93).

The same considerations that led the Court to grant Defendant's motion to dismiss the case as a discovery sanction also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*. Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**. The Clerk is directed to transmit copies of this order to the United States Court of Appeals for the Sixth Circuit.

    **IT IS SO ORDERED.**

    s/ S. Thomas Anderson
    S. THOMAS ANDERSON
    UNITED STATES DISTRICT JUDGE

    Date:  June 7, 2021